UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

ILLINOIS CENTRAL RAILROAD
COMPANY,

    Plaintiff,

v.

    Case No._____

    JUDGE_____

TENNESSEE DEPARTMENT OF
REVENUE and REAGAN FARR,
Commissioner of Revenue of the State of
Tennessee,

    Defendants.

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF FROM DISCRIMINATORY STATE TAXATION

    1.    This is a civil action seeking to restrain and enjoin defendants, and all those acting in concert or participating with them, from assessing, levying, or collecting from plaintiff Tennessee sales and use taxes on plaintiff's purchase or consumption of diesel fuel used for rail transportation purposes in Tennessee.

    2.    Plaintiff contends that defendants' imposition of Tennessee sales and use taxes on diesel fuel purchased and used for rail transportation purposes is discriminatory and unlawful under Section 306 of the Railroad Revitalization and Regulatory Reform Act of 1976, Pub. L. No. 94-210, 90 Stat. 54 (February 5, 1976), now codified as 49 U.S.C. § 11501 and referred to herein as "Section 306." Plaintiff also seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 that defendants' imposition of sales and use taxes on the purchase and consumption of diesel fuel for rail transportation purposes in Tennessee violates Section 306.

## JURISDICTION

3. Jurisdiction of this Court is based upon the following grounds:

    (a) Section 306(1), which confers jurisdiction upon district courts of the United States to prevent a state, subdivision of a state, or any governmental entity or person acting for a state or subdivision, from imposing discriminatory taxes on common carriers by rail;

    (b) 28 U.S.C. §1331 [as more fully appears herein, this action arises under the U. S. Constitution, Art I, §8, Cl. 3 (Commerce Clause), and Amend. XIV, and presents a federal question].

## VENUE

4. The defendants have offices in this district, and a substantial number of the actions complained of have and will occur in this district, and thus venue lies in this Court under 28 U.S.C. §1391(b).

## PARTIES

5. Plaintiff Illinois Central Railroad Company ("IC") is an Illinois corporation with its principal place of business located in Homewood, Illinois. IC is engaged in interstate commerce as a common carrier by railroad.

6. The Tennessee Department of Revenue ("Department") is the department of the State of Tennessee charged with the responsibility to administer and collect sales and use taxes within Tennessee.

7. Defendant Reagan Farr is the Commissioner of Revenue of the State of Tennessee ("Commissioner"), and is named in this action in his official capacity only. As Commissioner, Mr. Farr exercises general supervision over administration of the assessment and collection of sales and use taxes in Tennessee.

## TENNESSEE SALES AND USE TAXES

8. Pursuant to Chapter 6 of Title 67 of the Tennessee Code, Tennessee imposes a tax on the sale, consumption, and use of tangible personal property in Tennessee.

9. The sales tax is collected by the seller at retail from the purchaser and paid over to the Commissioner by the seller, pursuant to T.C.A. §§ 67-6-504.

10. Pursuant to T.C.A. §§ 67-6-201(2) and (5), Tennessee imposes a tax on the use, consumption, or storage for use or consumption of tangible personal property unless the sales tax on such property has been paid.

11. Railroads are subject to sales or use tax on either their purchase or consumption or use of diesel fuel in this State. The tax is imposed by the State at the rate of 7% of the retail price.

12. IC holds a direct pay permit issued by the Department and pays state sales and use taxes upon its use or consumption of diesel fuel within this State directly to the Commissioner.

13. The principal competitors to rail carriers in the transportation of property in interstate commerce in the State of Tennessee are on-highway motor carriers of property in interstate commerce ("motor carriers").

14. Motor carriers do not pay the Tennessee sales or use tax on the purchase or consumption of diesel fuel in the State of Tennessee.

3

15. Fuel costs incurred in the transportation of property in interstate commerce are a major annual operating expense of both rail carriers and motor carriers.

## SECTION 306

16. Section 306 (a copy of which is attached hereto) declares that discriminatory taxation of transportation property by states, political subdivisions of a state, or governmental entities or persons acting on behalf of such states or subdivisions, is unlawful and constitutes an unreasonable and unjust discrimination against, and an undue burden on, interstate commerce. Section 306 states, in part:

> (1) . . . [A]ny action described in this subsection is declared to constitute an unreasonable and unjust discrimination against, and an undue burden on, interstate commerce. It is unlawful for a State, a political subdivision of a State, or a governmental entity or a person acting on behalf of such State or subdivision to commit any of the following prohibited acts:
>
> ****[Subsections (a) through (c) deal with discriminatory property taxes.]
>
> **(d) The imposition of any other tax which results in discriminatory treatment of a common carrier by railroad subject to this part.**

(Emphasis added.)

## PLAINTIFF'S SECTION 306 CLAIM

17. IC restates by reference the allegations of paragraphs 1 through 16 of this complaint.

18. IC is a "common carrier by railroad" within the meaning of Section 306(1)(d).

19. IC's principal competitors in Tennessee are motor carriers.

20. Motor carriers are not subject to sales and use taxes on their purchase or consumption of diesel fuel used for transportation purposes.

4

M SDG 2044111 v1
2916107-000001 02/25/2010
Case 3:10-cv-00197   Document 1   Filed 02/26/10   Page 4 of 7 PageID #: 4

21. The imposition of Tennessee sales and use taxes on IC's purchase and consumption of diesel fuel used for rail transportation purposes is discriminatory and unlawful under Section 306(1)(d) where motor carriers are not subject to sales and use taxes on their purchase and consumption of diesel fuel used for transportation purposes.

22. IC is being required to pay taxes in violation of Section 306(1)(d) by the Commissioner. Unless the Department and the Commissioner, and all those acting in concert or participating with them are preliminarily and permanently enjoined from assessing, levying, or collecting sales and use taxes from IC or from IC's vendors on IC's purchase and consumption of diesel fuel for rail transportation purposes, IC will be compelled to pay substantial discriminatory taxes wrongfully imposed in violation of Section 306(1)(d).

23. IC is entitled to this Court's declaratory judgment that the imposition or collection of Tennessee sales and use taxes on IC's purchase or consumption of diesel fuel for rail transportation purposes violates Section 306(1)(d), and that any such taxes assessed or collected by the defendants were paid and collected contrary to the prohibitions Section 306(1)(d).

WHEREFORE, IC requests that this Court:

(1) Preliminarily and permanently enjoin the defendants, and all those acting in concert or participating with them, from assessing, levying, or collecting sales and use taxes from IC or from any person paying on behalf of IC on its purchase or consumption of diesel fuel for rail transportation purposes; and

(2) Preliminarily and permanently enjoin the defendants, and all those acting in concert or participating with them, from instituting any proceedings to assess, levy, or collect any amount of sales and use taxes, interest, or penalties that the defendants might assert to be due

5

M SDG 2044111 v1
2916107-000001 02/25/2010
Case 3:10-cv-00197   Document 1   Filed 02/26/10   Page 5 of 7 PageID #: 5

and owing from IC on its purchase or consumption of diesel fuel for rail transportation purposes; and

   (3) Declare that defendants' imposition or collection of Tennessee sales and use tax on IC's purchases or consumption of diesel fuel for rail transportation purposes violates Section 306(1)(d), and that any such taxes assessed or collected by the defendants were paid and collected contrary to prohibitions of Section 306(1)(d); and

   (4) Award plaintiff its costs and such further equitable relief to which it may be entitled.

            James W. McBride
            jmcbride@bakerdonelson.com
            BAKER, DONELSON, BEARMAN,
             CALDWELL & BERKOWITZ
            555 Eleventh Street, N.W., 6th Floor
            Washington, D.C. 20004
            Telephone: (202) 508-3467
            Fax:    (202) 508-3402

Stephen D. Goodwin (006294)
sgoodwin@bakerdonelson.com
BAKER, DONELSON, BEARMAN,
 CALDWELL & BERKOWITZ
First Tennessee Bank Building
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Telephone:   (901) 577-2141
Fax:         (901) 577-0734

Carolyn W. Schott (021811)
cschott@bakerdonelson.com
BAKER, DONELSON, BEARMAN,
 CALDWELL & BERKOWITZ
Baker Donelson Center
211 Commerce Street, Suite 800
Nashville, TN 37201
Telephone:   (615) 726-7312
Fax:         (615) 744-7312


By:_____
         Attorneys for Plaintiff

7