UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

---

ILLINOIS CENTRAL RAILROAD
COMPANY,

 Plaintiff,

v.                Case No. 3:10-CV-00197
                   JUDGE SHARP

TENNESSEE DEPARTMENT OF
REVENUE and REAGAN FARR,
Commissioner of Revenue of the State of
Tennessee,

 Defendants.

---

**SUPPLEMENTAL AFFIDAVIT OF BENJAMIN R. BLAIR IN SUPPORT OF
ILLINOIS CENTRAL RAILROAD COMPANY'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

---

STATE OF ILLINOIS:

COUNTY OF COOK:

 Benjamin R. Blair, having been first duly sworn, hereby states as follows:

 1. I am the Director of U.S. Taxes for Illinois Central Railroad Company ("ICRR"), a wholly owned, indirect subsidiary of Canadian National Railway Company, as well as its other subsidiary railroads operating in the United States (collectively "CN"). In that capacity, I am familiar with the federal and state taxes incurred and paid by ICRR throughout its operating network.

 2. Internal Revenue Code Section 6715 and Treasury Regulation 48.6715-1 impose a penalty on misuse of dyed fuel, which includes altering the strength of dye by blending dyed fuel with undyed fuel except in certain limited uses. Refueling a railroad locomotive with dyed

fuel, while the locomotive's tank contained undyed diesel fuel remaining from a previous fueling, or vice versa, on a regular basis, would violate these rules.

3. Furthermore, in order to claim refunds of federal excise tax on undyed fuel used for a nontaxable use, such as off-highway use, the claimant must certify on the Form 720 federal excise tax return that the fuel contained no visible evidence of dye, or provide a detailed explanation why such a certification is not possible. It is not clear that tax refunds would be issued to a railroad that regularly combines dyed and undyed fuel in the fuel tanks of locomotives.

4. Therefore, if ICRR were to purchase only undyed fuel to fuel its locomotives in the state of Tennessee, then ICRR (and CN) would have to use only clear fuel in all states throughout the CN rail network in the United States, and possibly in Canada as well.

5. If ICRR were to use only undyed diesel fuel to power its locomotives, it would be required to pay federal motor fuel excise tax of 24.4 cents per gallon on its approximately 55 million gallons of annual locomotive fuel purchases, for federal excise tax payments of approximately $13.4 million per year.

6. ICRR would be entitled to subsequently claim refunds of 24.3 cents per gallon of the undyed diesel fuel that was consumed in its locomotives rather than on the public highways, resulting in refunds of approximately $13.35 million per year on the 55 million gallons annually.

7. ICRR would be required to pay the federal excise tax upon purchase of the undyed fuel, but the excise tax would only be refunded by the Internal Revenue Service sometime after ICRR files a quarterly Form 720 federal excise tax return reporting the nontaxable fuel use. Therefore, ICRR would constantly be out-of-pocket an average of approximately $3 million for federal excise tax between the time of purchase and the time of

2

refund. In addition, other CN subsidiary railroads would be out-of-pocket the excise tax amounts related to their fuel purchases as well.

8. If ICRR were to use only undyed fuel in all states where it operates, then in addition to the federal excise tax, ICRR would also be subject to the state excise taxes imposed on undyed diesel fuel in each of those states. Every state in the CN network has a motor fuel tax imposed on diesel fuel used on the highway, and those states also rely on fuel dye as the marker to distinguish between taxable and nontaxable fuel. Although ICRR may be entitled to claim refunds of state excise taxes on undyed fuel consumed in off-highway use, at a minimum ICRR would be out-of-pocket the state taxes between the time of fuel purchase and the time of tax refund.

Affiant further sayeth not.

_____
Benjamin R. Blair

SWORN AND SUBSCRIBED before me this 24 day of March, 2016.

_____
Notary Public

My Commission Expires:

04/05/17

> OFFICIAL SEAL
> FRANCES BRUDER
> NOTARY PUBLIC - STATE OF ILLINOIS
> MY COMMISSION EXPIRES:04/05/17

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 30, 2016, a copy of the foregoing *Supplemental Affidavit of Benjamin R. Blair in Support of Illinois Central Railroad Company's Response in Opposition to Defendants' Motion for Summary Judgment* was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular United States mail. Parties may access this filing through the Court's electronic filing system.

      Herbert H. Slatery III
      Attorney General and Reporter
      Talmage M. Watts
      Assistant Attorney General
      State of Tennessee
      Post Office Box 20207
      Nashville, TN 37202-0207

                              s/Stephen D. Goodwin